IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>     v.<br><br>ERNESTO PEREZ,<br>NORMA PEREZ,<br>ERNESTO PEREZ, JR.,<br>MARCO A. SERNA,<br>WILLIAMSON COUNTY, TEXAS,<br>HUNTER KELSEY II, LLC,<br>LAKELINE RANCH TOWNHOMES<br>   SUBASSOCIATION, INC.,<br>        Defendants. | Case No. 1:13-cv-867 |

## UNITED STATES' COMPLAINT

For its complaint, which has been authorized and requested by the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, pursuant to the provisions of Section 7401 of the Internal Revenue Code, the United States of America alleges as follows:

## NATURE OF THIS ACTION

1.      This is a civil action in which the United States seeks to reduce to judgment federal tax assessments against Ernesto Perez and Norma Perez. The United States also seeks to foreclose its federal tax liens, against four properties located in Williamson County, Texas. As to three of the subject properties, the United States seeks to set aside, as fraudulent transfers under TUFTA, transfers of the real property to the Perezes' son, Ernesto Perez, Jr. and Marco Serna, the brother of Norma Perez.

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to the provisions of 28 U.S.C. Sections 1331, 1340, 1345, 2410 and 26 U.S.C. Sections 7402 and 7403. Venue is proper in this district pursuant to 28 U.S.C. Section 1396.

## PARTIES

3. Defendants, Ernesto Perez and Norma Perez, are husband and wife, and they are the taxpayers against whom the United States seeks to collect taxes. They reside in Cedar Park, Texas within the jurisdiction of the Court.

4. Defendants, Ernesto Perez is the title owner of one of the real properties that is the subject of this lawsuit. Defendants, Ernesto Perez and Norma Perez are the transferors of other properties, which the United States contends were fraudulently transferred to family members.

5. Defendant, Ernesto Perez Jr., is the son of the taxpayers.

6. Defendant, Marco A. Serna is the brother of Norma Perez. These defendants were the transferees of the taxpayers.

7. Defendant, Hunter Kelsey II, LLC may claim a lien on the subject properties by virtue of a Deed of Trust and an assignment of the ad valorem tax liens.

8. Defendant, Williamson County is a taxing authority and may be owed ad valorem taxes with respect to the subject properties.

9. Defendant, Lakeline Ranch Townhomes Subassociation, Inc. is a homeowners association, which may claim a lien on one of the subject real properties.

## THE TAX LIABILITIES

10.     A delegate of the Secretary of the Treasury assessed against, and gave notice and demand to Ernesto and Norma Perez for unpaid income tax, penalties, statutory additions, and interest for the years as shown in the table below, including the tax period, the assessment date, and the totals by year.

| Kind of Tax | Tax Period | Assessment date | Balance of assessments due as of August 13, 2013 |
|---|---|---|---|
| INCOME | 12/31/2002 | 9/10/2007 | $372,646.16 |
| INCOME | 12/31/2003 | 9/10/2007 | $186,440.81 |
| INCOME | 12/31/2004 | 4/7/2008 | $60,161.92 |
| INCOME | 12/31/2006 | 5/2/2011 | $343,611.47 |
| **TOTAL** | | | $962,860.36 |

The assessed balance does not include interest accruals.

11.     Proper notice of and demand for payment of the assessments referred to above was mailed to Ernesto and Norma Perez on or about the date of the assessments.

12.     The United States recorded a Notice of Federal Tax Lien against Ernesto Perez in the real property records of Williamson County, Texas on November 27, 2007 (for income tax years 2002-2004)  (Ex. 1).

13.      The United States recorded a Notice of Federal Tax Lien against Norma Perez in the real property records of Williamson County, Texas on December 5, 2011. (for income tax years 2002-2004)  (Ex.2).

14..	The United States recorded a Notice of Federal Tax Lien against Ernesto and Norma Perez in the real property records of Williamson County, Texas on September 19, 2011. (for income tax year 2006) (Ex. 3).

15.	The United States recorded Notices of Federal Tax Lien against Ernesto Perez Jr. as Nominee, Transferee, and or Alter-Ego of Ernesto and Norma Perez in the real property records of Williamson County, Texas on February 12, 2009 (for income tax years 2002-2004) and on January 9, 2012 (for income tax year 2006) (Ex. 4, 5).

16.	The United States recorded Notices of Federal Tax Lien against Marco Serna as Nominee, Transferee, and or Alter-Ego of Ernesto and Norma Perez in the real property records of Williamson County, Texas on February 12, 2009 (for income tax years 2002-2004) and on January 9, 2012 (for income tax year 2006) (Ex. 6, 7).

17.	On April 6, 2009 and November 29, 2010, a delegate of the Secretary of the Treasury assessed against, and gave notice and demand to Ernesto Perez for unpaid employment tax liabilities due from EP Trucking, LLC, a single member LLC for which he is liable, as shown in the table below, including the tax period and the totals by year.

| Form | Tax Year | Amount Due 8/13/12 |
| --- | --- | --- |
| 941 | 03/31/2007 | $ 11,392.92 |
| 941 | 06/30/2007 | 14,331.35 |
| 941 | 09/30/2007 | 12,078.35 |
| 941 | 12/31/2007 | 15,056.19 |
| 940 | 12/31/2007 | 1,375.24 |
| Total | | $ 54,234.05 |

18. On March 26, 2007, November 1, 2010 and November 8, 2010, a delegate of the Secretary of the Treasury assessed against, and gave notice and demand to Ernesto Perez for unpaid employment tax liabilities due from P&S Trucking, his sole proprietorship, as shown in the table below, including the tax period and the totals by year.

| Form | Tax Year | Amount Due 8/13/12 |
|---|---|---|
| 941 | 03/31/2007 | $   4,557.38 |
| 941 | 06/30/2007 | 16,139.65 |
| 941 | 09/30/2007 | 20,896.22 |
| 941 | 12/31/2007 | 17,972.10 |
| 940 | 12/31/2006 | 150.00 |
| 940 | 12/31/2007 | 659.06 |
| Total | | $  60,374.41 |

19. On December 28, 2009, a delegate of the Secretary of the Treasury assessed against, and gave notice and demand to Norma Perez for unpaid employment tax liabilities due from Norma Perez d/b/a/ Perez Contractor, as shown in the table below, including the tax period and the totals by year.

| Form | Tax Year | Amount Due 8/13/12 |
|---|---|---|
| 941 | 03/31/2007 | $   2,191.54 |
| 941 | 09/30/2007 | 2,233.51 |
| 941 | 12/30/2007 | 2,247.13 |
| 941 | 03/31/2008 | 2,265.26 |
| 941 | 06/30/2008 | 2,286.67 |
| 941 | 09/30/2008 | 2,308.78 |
| 940 | 12/31/2007 | 302.09 |
| Total | | $  13,834.98 |

20.     The United States recorded Notices of Federal Tax Lien for these employment tax liabilities against Ernesto Perez and Norma Perez .in the real property records of Williamson County, Texas.   (Copies of these notices are attached as Exs. 8-10).

### REDUCE ASSESSMENTS TO JUDGMENT

21.     The United States is seeking a judgment that determines Ernesto Perez's and Norma Perez's indebtedness to the United States on account of the tax assessments described above.

### THE SUBJECT PROPERTIES

22.     Defendants, Ernesto Perez is the owner of certain real property located in Williamson County, Texas, commonly known as 3000 Juneau Dr., Cedar Park, Texas (Juneau property) and further described as follows:

Lot 7, Block "C", BREAKAWAY PARK SECTION 4, a subdivision in Williamson County, Texas according to the map or plat recorded in Cabinet W, Slide 341, Plat Records of Williamson County, Texas.

23.     The deed history of the Juneau property is as follows:

| | | |
|---|---|---|
| 11/04/2004 | General Warranty Deed | Grantor:  Breakaway Park Section IV, Ltd.<br>Grantee: Ernesto & Norma Perez |
| 01/30/2007 | Quitclaim Deed | Grantor: Ernesto & Norma Perez<br>Grantee: Marco A. Serna<br>          Ernesto Perez, Jr.<br>Deed states that Grantees paid  $100,000 consideration for the transfer |
| 06/30/2010 | Quitclaim Deed | Grantor:  Marco A. Serna<br>          Ernesto Perez, Jr.<br>Grantee:  Ernesto Perez<br>Deed is silent on consideration |
| 01/09/2012 | General Warranty Deed Non Material Correction Affidavit | Original deed identified the property on Block B rather than Block C.  The affidavit corrects the error. |

24.     This real property is subject to the tax liens of the United States under 26 U.S.C. 6321 and 6323.

25.     The taxpayers also have three residential properties which were fraudulently transferred to their son, Ernesto Perez, Jr., who was a minor at the time of the transfers, and to Norma Perez's brother, Marco Serna.

26.     Defendants, Ernesto Perez, Jr. and Marco Serna hold these properties as nominees or transferees of taxpayers, Ernesto and Norma Perez.  These properties are described below.

27.     On January 30, 2007,  the taxpayers transferred title to 200 S. Mustang Avenue, Cedar Park, Williamson County, TX  78641 ( Mustang property) to  Marco Serna.  The Mustang property is further described as follows:

    Lot Ten (10), Block "7", CEDAR PARK RANCHETTES, UNIT FOUR, a subdivision in Williamson County, Texas, according to the map or plat thereof, recorded in Cabinet B, Slide 50, Plat Records of Williamson County, Texas.

28.     The deed history of this property is described below:

| 06/30/1993 | Warranty Deed | Grantor: John & Susan Fifer

Grantee: Ernesto & Norma Perez |
| --- | --- | --- |
| 01/30/2007 | Quitclaim Deed | Grantor: Ernesto & Norma Perez

Grantee: Marco A. Serna

Deed states that Grantees paid  $110,000 consideration for the transfer |
| 07/02/2010 | Property Tax Lien Deed of Trust | Lender:   Hunter Kelsey II, LLC

Borrower:  Marco Serna and Ernesto Perez, Jr. |

| 07/13/2012 | Certified Statement of Transfer of Tax Lien | Hunter Kelsey II, LLC paid $11,879.69 to Williamson County for the 2008 and 2009 property taxes |
|---|---|---|

27.     On January 30, 2007, the taxpayers transferred title to 25 Verde Ranch Loop, Leander, Williamson County, TX 78641 (Verde Ranch property) to Marco Serna and Ernesto Perez, Jr. The Verde Ranch property is further described as follows:

Lot 56, Block A, OF LAKELINE RANCH SUBDIVISION PHASE 4-AMENDED, an addition to the City of Leander, Williamson County, Texas, according to the map or plat thereof recorded in Cabinet Y, Slide 343-344, Official Public Records of Williamson County, Texas.

28.     On January 30, 2007, the taxpayers transferred title to CR 267, Georgetown, Williamson County, TX 78628 (CR 267 property) to Marco Serna and Ernesto Perez, Jr.. The CR 267 property is further described as follows:

BEING 13.80 acres of land, situated in the William H. Monroe Survey, Abstract No. 453, in Williamson County, Texas, said land being a portion of that certain tract of land called 35.00 acres, as conveyed to Alexander Acres, L.L.P., by deed recorded in Document No. 2001054365 of the Official Records of Williamson County, Texas. Surveyed on the ground in the month of June of 2002, under the supervision of Don H. Bizzell, Registered Professional Land Surveyor, and being more particularly described as follows:

BEGINNING at an iron pin found marking the Northwest corner of the above-referenced Alexander Acres, L.L.P. tract, being the Northeast corner of that certain tract of land, called 10 acres, as conveyed to Nathan S. Ronan and Lisa A. Ronan by deed recorded as Document No. 2000033446 of the Official Records of Williamson County, Texas, being on the south line of the remainder of that certain Tract Two, called 161 acres, Save and Except Tract One, called 45.0 acres, as conveyed to Zona Gale Mello by deed as recorded in Volume 637, Page 398, of the Deed Records of Williamson County, Texas, for the Northwest corner hereof;

THENCE, along the north line of the said Alexander Acres, L.L.P. tract, being the south line of the said remainder of the Mello tract, S 75° 00' 30" E, 757.94 feet to an iron pin set for the Northeast corner hereof;

THENCE, S 18° 56' 30" E, 1,046.10 feet to an iron pin set on the north line of County Road No. 267, being the south line of the said Alexander Acres, L.L.P. tract, for the Southeast corner hereof;

THENCE, along the said north line of County Road No. 267, being the south line of the said Alexander Acres, L.L.P. tract, S 71° 01' 30" W, 235.41 feet to an iron pin set for the most southerly Southwest corner hereof; said point being N 71° 01' 30" E, 52.90 feet from the most southerly Southwest corner of the said Alexander Acres, L.L.P. tract;

THENCE, N 18° 56' 30" W, 482.73 feet to an iron pin set for an interior corner hereof;

THENCE, S 71° 03' 30" W, 393.66 feet to an iron pin set on the west line of said Alexander Acres, L.L.P. tract, being the east line of the said Ronan tract, for the most westerly Southwest corner hereof; said point being N 18° 56' W, 52.90 feet from the most westerly Southwest corner of the said Alexander Acres, L.L.P. tract;

THENCE, N 18° 56' W, 986.63 feet to the PLACE OF BEGINNING and containing 13.80 acres of land.

29. Although quitclaim deeds recite that consideration was paid for these transfers, the Internal Revenue Service has investigated and found no evidence of any consideration being paid. Also, the investigation by the Service indicated that tenants on the Mustang property were paying rent to the taxpayers.

30. Ernesto and Norma Perez transferred the above properties shortly before the delinquent filing of their Forms 1040 for the 2002, 2003, 2004, and 2006 tax years:

| Tax Year | Date Form 1040 Filed |
|---|---|
| 2002 | 07/26/2007 |
| 2003 | 07/26/2007 |
| 2004 | 04/19/2007 |
| 2006 | 11/14/2007 |

But, prior to the property transfers, the taxpayers were under examination for the 2004 tax year.

31. The Texas Uniform Fraudulent Transfer Act (TUFTA) provides:

**§ 24.005. Transfers Fraudulent as to Present and Future Creditors**

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>>
>> (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

(b) In determining actual intent under Subsection (a)(1) of this section, consideration may be given, among other factors, to whether:

> (1) the transfer or obligation was to an insider;
>
> (2) the debtor retained possession or control of the property transferred after the transfer;
>
> (3) the transfer or obligation was concealed;
>
> (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
>
> (5) the transfer was of substantially all the debtor's assets;
>
> (6) the debtor absconded;
>
> (7) the debtor removed or concealed assets;
>
> (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
>
> (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
>
> (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

32. Any conveyances to the taxpayers' relatives were intended to either delay or hinder the Internal Revenue Service from collecting taxes due from the Perezes and are therefore fraudulent transfers under Tex. Bus. & Comm. Code Ann. Section 24.005 and should be voided.

33. At the time of the purported transfers, Ernesto and Norma Perez were indebted to the United States for income taxes for tax years 2002-2004 and year 2006. The transfers were to insiders, i.e. the Perezes' son, who was only 17 years of age, and Norma Perez's brother. No consideration was paid for the transfers and the transfers rendered the Perezes insolvent and unable to pay their tax debts.

34. The Texas Uniform Fraudulent Transfer Act (TUFTA) further provides:

**§ 24.006. Transfers Fraudulent as to Present Creditors**

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

35. The conveyances to Marco Serna and Ernesto Perez, Jr. were not for reasonably equivalent value and the transfers rendered the taxpayers insolvent. The transfers are therefore fraudulent transfers under Tex. Bus. & Comm. Code Ann. Section 24.006(a) and are voidable.

36. Alternatively, Marcos Erna and Ernesto Perez, Jr. hold title to the properties for the benefit of Ernesto and Norma Perez and are the nominees of the taxpayers. Therefore, these properties are subject to the federal tax liens against the taxpayers.

## FORECLOSE FEDERAL TAX LIENS

37. The United States is seeking the enforcement of its federal tax liens against the subject properties described above to pay the unpaid income tax liabilities, penalties and interest of Ernesto Perez and Norma Perez.

38. Pursuant to Section 6321 of the Code, the federal tax liens attached to Ernesto and Norma Perez's interests in the properties upon the assessments of the taxes as indicated above. This lien was perfected against third party creditors when the notices of federal tax liens were filed. The United States seeks to foreclose the lien and sell the property.

## TEN PERCENT SURCHARGE FOR COSTS OF COLLECTION

39. 28 U.S.C. section 3011 authorizes the United States to recover a surcharge of 10% of the amount of the debt in the event that the United States avails itself of the pre-judgment or post judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. §§3001 *et. seq.*, in order to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

FOR THESE REASONS, the United States requests the Court to Order,

A. That Ernesto and Norma Perez are jointly and severally indebted to the United States for the amount of $962,860 for income taxes for years 2002, 2003, 2004, and 2006, plus interest and statutory additions according to law.

B. That Ernesto Perez is indebted to the United States for employment and unemployment taxes in the amount of $54,234 for all quarters in 2007 due from EP Trucking, his single member LLC, plus interest and statutory additions from August 13, 2012.

C. That Ernesto Perez is indebted to the United States for employment and unemployment taxes in the amount of $60,374 for all quarters in 2007 and for the year 2006 for unemployment taxes due from P&S Trucking, his sole proprietorship, plus interest and statutory additions from August 13, 2012.

D. That Norma Perez is indebted to the United States for employment and unemployment taxes in the amount of $13,835 for first, third and fourth quarters in 2007 and for the first three quarters of 2008 due from Norma Perez d/b/a/ Perez Contractor, plus interest and statutory additions from August 13, 2012.

E. That the properties described above are subject to the claims of the United States; that the Court determine the validity of the claims of the defendants named herein against the properties; and also that the Court determine the priority of all respective claims as against the claim of the United States.

F..	That the properties held in the name of Marco Serna and Ernesto Perez, Jr. are owned by Ernesto and Norma Perez and any transfer of such properties to these relatives was void under the provisions of TUFTA.

G..	That the United States has a valid lien against the properties, that said lien be enforced by ordering the sale of these properties, and that the sale proceeds be distributed in accordance with the findings of the Court and to pay the tax debts Ernesto and Norma Perez;

H.	Alternatively, Marco Serna and Ernesto Perez, Jr. hold title to the properties as nominees of Ernesto and Norma Perez and the properties are subject to the federal tax liens.

I.	That the United States is entitled to the 10% litigation surcharge set forth in 28 U.S.C. Section 3011; and,

J..	That the United States have such further relief as this Court may deem just and proper, including its costs herein.

	/s/ Louise P. Hytken
LOUISE P. HYTKEN
Attorney, Tax Division
State Bar No. 10382850
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9725
(214) 880-9742 (FAX)
Louise.P.Hytken@USDOJ.gov

ROBERT PITMAN
UNITED STATES ATTORNEY

ATTORNEYS FOR THE UNITED STATES